FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUL 14 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

JUAN CARLOS GIL-ARENES,

Defendant.

---

09-CR-864-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 19, 2010, Juan Carlos Gil-Arenes pled guilty to a one-count indictment which charged that on November 13, 2009, the defendant, an alien who had been previously deported from the United States after a conviction for the commission of an aggravated felony, was found in the United States, without the Secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

Gil-Arenes was sentenced on July 12, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

The court finds the total offense level to be 21 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 37 and 46 months. The calculation of the total offense level included a 3-point reduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of 20 years. 8 U.S.C. § 1326(b)(2). The guidelines range of fine was from $7,500 to $75,000.

Gil-Arenes was sentenced to 15 months' incarceration and 3 years' supervised release. A $100 special assessment was imposed. Defendant reported that $100 in cash that was on his person at the time of the arrest has not been returned to him. This money is to be returned to defendant for use in paying the special assessment; if the money cannot be returned, it is deemed applied to the special assessment, satisfying the amount owed by defendant.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The crime of illegal reentry is a serious one. It is worthy of note that the defendant reentered the United States in order to reunite with his son and sister following the death of a close relative. The defendant seems to have a good background except for one prior crime committed over twenty years ago. He benefitted greatly from receiving Distress Tolerance Skills Training from the Columbia University Social Work Extern Program at MDC Brooklyn, and was awarded a Certificate of Achievement for his participation. A sentence of 15 months reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that illegal reentry into the United States will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and defendant's likely deportation to Colombia. It is unlikely that he will engage in further criminal activity in light of his long history of law-abiding conduct prior to the instant offense, and his understanding of the sanctions he will likely face if he attempts to reenter this country illegally again.

Jack B. Weinstein
Senior United States District Judge

Dated: July 12, 2010
Brooklyn, New York